# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

COURTNEY BALDWIN                                                   PLAINTIFF

V.                                                      CAUSE NO.: 1:08CV191-SA-JAD

MISSISSIPPI STATE UNIVERSITY                            DEFENDANT

## MEMORANDUM OPINION ON MOTION TO DISMISS

Comes now before this Court, Defendant's Motion to Dismiss [20]. After reviewing the motion, responses, rules, and authorities, the Court makes the following findings:

*Factual and Procedural Background*

On April 12, 2004, the plaintiff accepted a position in the Mississippi State University College of Veterinary Medicine's Class of 2008. In accepting the offer, Plaintiff signed a form indicating her understanding that she would "pay veterinary student tuition and fees to Mississippi State University at the **vested** or **non-vested** rate (as determined by the Professional Education Fee Committee) for each year of the DVM curriculum, regardless of legal residency status while enrolled." (emphasis original).

Plaintiff contends she was told by a Mississippi State University ("MSU") official she would be considered an in-state resident upon admission. However, Plaintiff was classified as an out-of-state student for tuition purposes. She asserts she paid approximately $90,000 more in tuition than she would have if she were properly classified as an in-state student.

Plaintiff filed suit on August 5, 2008, asserting that MSU violated her Fourteenth Amendment rights to substantive and procedural due process and equal protection. Moreover, she contends MSU violated Mississippi Code Sections 37-103-3, 37-103-13, and 37-103-15. Plaintiff seeks a declaratory judgment that the contract signed on April 12, 2004, is void as against public

policy, fails for lack of consideration, and was based on a mistake. Plaintiff requests compensatory damages and attorneys' fees.

The Defendant filed the present Motion to Dismiss on the basis of Eleventh Amendment sovereign immunity and the statute of limitations.

*Motion to Dismiss Standard*

In considering a motion under Rule 12(b)(6), the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004) (quoting Jones v. Greninger, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007); accord Ashcroft v. Iqbal, — U.S. —, 129 S. Ct. 1937, 173 L. Ed. 2d 868, 883-85 (May 18, 2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555, 127 S. Ct. 1955 (quotation marks, citations, and footnote omitted). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court.'" Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007) (citing Twombly, 550 U.S. at 558, 127 S. Ct. 1955) (internal quotation marks omitted)).

*Discussion and Analysis*

Mississippi State University asserts it is immune from Plaintiff's tort claims based on the Eleventh Amendment. Indeed, the United States Supreme Court has recognized that a suit against the State is barred by the Eleventh Amendment unless the State consents to the filing of such a suit.

Alabama v. Pugh, 438 U.S. 781, 782, 98 S. Ct. 3057, 57 L. Ed. 2d 1114 (1978). This ruling has been extended to state agencies as well. See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280, 97 S. Ct. 568, 50 L. Ed. 2d 471 (1977) (holding that entities not considered "arms of the state" are not entitled to the State's Eleventh Amendment immunity). Moreover, in Will v. Michigan Department of State Police, the United States Supreme Court established that the State and arms of the State, which have traditionally enjoyed Eleventh Amendment immunity, are not subject to suit under Section 1983 as a state is not a "person" under Section 1983. 491 U.S. 58, 70, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (noting that in passing Section 1983, Congress had no intent to disturb the States' Eleventh Amendment immunity, thus, Section 1983 does not provide a federal forum for civil rights claims against States); Haywood v. Drown, — U.S. —, 129 S. Ct. 2108, 173 L. Ed. 2d 920, 927 n.4 (May 26, 2009) ("a plaintiff seeking damages against the State . . . cannot use §1983 as a vehicle for redress because a State is not a 'person' under §1983.").

Pursuant to the Mississippi Code, MSU has been recognized as an arm of the State. Miss. Code Ann. § 37-113-3 (2008); see also Jagnandan v. Giles, 538 F.2d 1166, 1173-78 (5th Cir. 1976), cert. denied, 432 U.S. 910, 97 S. Ct. 2959, 53 L. Ed. 2d 1083 (1977) (analyzing Mississippi statutes creating MSU and determining that a suit against MSU is a suit against the state as any recovery would come from the state). Therefore, MSU is not subject to suit under 42 U.S.C. § 1983. Accordingly, Plaintiff's Section 1983 claims are dismissed.

Defendant also asserts that Plaintiff's contract claims against it are barred by the applicable statute of limitations. Neither party disputes that Plaintiff's contract claim is governed by a three year limitations period, either as codified in Mississippi Code Section 15-1-49 or Section 15-1-29. However, Defendant claims the limitations period expired prior to Plaintiff's institution of suit.

Specifically, Defendant argues that the statute of limitations began running on April 12, 2004, the date Plaintiff signed the Acceptance Form. Plaintiff contends that the statute of limitations was tolled based on the "continuing injury" of overcharging her for each semester.

In Mississippi, a cause of action for a breach of contract accrues "at the time of the breach regardless of when damages resulting from the breach occur." First Trust Nat'l Ass'n v. First Nat'l Bank of Commerce, 220 F.3d 331, 334-35 (5th Cir. 2000). After reviewing the pleadings and arguments, the Court is of the opinion that the date of breach would necessarily be the date Mississippi State University, or their designee, made a determination as to Plaintiff's vested or non-vested status.

Accordingly, this Court requests additional briefing on the statute of limitations applicable here, including when each party contends the breach occurred and whether the vested or non-vested determination was made once upon admission or periodically throughout enrollment. Defendant shall submit a supplemental brief regarding these issues by **July 13, 2009**. Plaintiff shall have until **July 27, 2009**, to submit a rebuttal, and Defendant may reply to Plaintiff's response by August 3, 2009, if necessary.

SO ORDERED, this the  22nd  day of June, 2009.

 /s/ Sharion Aycock
**U.S. DISTRICT JUDGE**