# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**COURTNEY BALDWIN**                                                         **PLAINTIFF**

**V.**                                          **CAUSE NO.: 1:08CV191-SA-JAD**

**MISSISSIPPI STATE UNIVERSITY**                                 **DEFENDANT**

**ORDER ON MOTION TO DISMISS**

The Court previously granted in part and held in abeyance part of the Defendant's Motion to Dismiss [20]. The parties have submitted supplemental briefing and the Court finds as follows:

*Factual and Procedural Background*

On April 12, 2004, the plaintiff accepted a position in the Mississippi State University College of Veterinary Medicine's Class of 2008. In accepting the offer, Plaintiff signed a form indicating her understanding that she would "pay veterinary student tuition and fees to Mississippi State University at the **vested** or **non-vested** rate (as determined by the Professional Education Fee Committee) for each year of the DVM curriculum, regardless of legal residency status while enrolled." (emphasis original).

Plaintiff contends she was told by a Mississippi State University ("MSU") official she would be considered an in-state resident upon admission. However, Plaintiff was classified as an out-of-state student for tuition purposes. She asserts she paid approximately $90,000 more in tuition than she would have if she were properly classified as an in-state student.

Plaintiff filed suit on August 5, 2008, asserting that MSU violated her Fourteenth Amendment rights to substantive and procedural due process and equal protection. Moreover, she contends MSU violated Mississippi Code Sections 37-103-3, 37-103-13, and 37-103-15. Plaintiff seeks a declaratory judgment that the contract signed on April 12, 2004, is void as against public

policy, fails for lack of consideration, and was based on a mistake. Plaintiff requests compensatory damages and attorneys' fees.

The Court held that Defendant was entitled to Eleventh Amendment immunity for Plaintiff's Section 1983 claims and tort causes of action. Thus, those actions were dismissed. Defendant argued that Plaintiff's contract claims should also be dismissed as they are barred by the three year statute of limitations. Plaintiff contends she is not barred because of the continuing nature of the breach of contract. The Court requested additional briefing on the date of the alleged breach.

*Discussion and Analysis*

On April 12, 2004, Plaintiff accepted a position in the Class of 2008 at the College of Veterinary Medicine at Mississippi State University. On that Acceptance Form, Plaintiff acknowledged that her signature was made "with the understanding that you will pay veterinary student tuition and fees to Mississippi State University at the **vested** or **non-vested rate** (as determined by the Professional Education Fee Committee) for each year of the DVM curriculum, regardless of the legal residency status while enrolled." Defendant contends that Plaintiff's residency determination was made prior to her enrollment and was never reconsidered. Plaintiff admits that she signed a contract in which she agreed to pay in-state or out-of-state tuition "for the duration of her stay in the veterinary school." Thus, the only date the parties have put forth for the alleged breach of contract is April 12, 2004.

Plaintiff has argued that each tuition's bill constituted a "continuing violation" such that the statute of limitations did not begin to run until the last bill she received. The Court is not persuaded that the continuing violation doctrine applies in this instance. First, the Court has been unable to find, and Plaintiff has not provided any authority, of the continuing violation doctrine applying in

2

contract actions. The doctrine has only been extended in Mississippi jurisprudence to tort violations. See Winters v. AmSouth Bank, 964 So. 2d 595, 600 (Miss. 2007). As the Court has already dismissed all tort violations under the Eleventh Amendment, the continuing violation doctrine does not apply in this context. Second, even if the continuing violation doctrine tolled the statute of limitations, the Plaintiff has failed to provide the Court with a particular date on which she contends the statute of limitations would begin running. Third, even if Plaintiff could establish some kind of continuing violation, the continual ill effects from an identified unlawful act are insufficient to invoke the continuing tort doctrine. Stevens v. Lake, 615 So. 2d 1177, 1183 (Miss. 1993). In this instance, Plaintiff's bills calculated on MSU's determination of residency are not continual unlawful acts, but continual ill effects of the original alleged violation.

Accordingly, the Court is left with the only date provided for a possible breach: April 12, 2004. As Plaintiff did not file her Complaint until August 5, 2008, more than three years elapsed between the date of the alleged breach and the filing of this action. Thus, the statute of limitations expired prior to her filing the Complaint. Plaintiff's remaining claims are therefore dismissed.

SO ORDERED, this the  3rd  day of November, 2009.

                                    /s/ Sharion Aycock  
                                    **U.S. DISTRICT JUDGE**